391 P.2d 599

**In the Matter of a Member of the State Bar of Arizona, Raymond E. PETER-SON, Respondent.**

**No. 8118.**

Supreme Court of Arizona,

En Banc.

April 15, 1964.

Thomas A. McCarville, Eloy, for the State Bar.

BERNSTEIN, Justice.

This is a disbarment proceeding. A complaint against Raymond E. Peterson, of Phoenix, Arizona, accusing him of unprofessional conduct as a member of the Bar of this State was filed with the Local Administrative Committee, for District No. Five, of the State Bar.

This complaint was heard by the Administrative Committee and respondent was present but refused to testify, and offered no evidence; the proceedings were reported by a reporter and a transcript of his notes is a part of the files. A majority of the

Committee found respondent guilty of misuse and misappropriation of funds from an estate in which he was attorney for the administrator and recommended disbarment. A complete record of these proceedings, together with the Committee's recommendation, was lodged with the Board of Governors of the State Bar, as required by Rule 35 of the Rules of the Supreme Court, 17 A.R.S., and the Board of Governors, without taking additional evidence and following respondent's failure to reply to the charges or appear before the Board of Governors, either in person or by attorney, after having been notified of the hearing, sent the complete record to this Court with a recommendation of disbarment.

The complaint alleged that respondent represented Archbishop Daniel J. Gercke of Tucson who was the executor of the estate of Joseph A. Alsdorf, which was being probated in Pinal County, Arizona. An accounting indicated that a shortage was brought about by respondent's unauthorized withdrawal of funds for his own use, which funds were never paid back to the estate.

The Committee found:

"1. That the Respondent, Raymond E. Peterson, was and is the attorney for the Executor in the Estate of John Arnold Alsdorf, Pinal County Superior Court Probate No. 4002.

"2. That during the course of said probate, the Respondent did unlawfully and without the knowledge or consent or approval of the Executor or the Court, divert to his own use moneys of the estate in the approximate sum of $13,000.00. That said sums were over and above and in addition to any moneys to which he was entitled either for fees or costs, he having been paid by the Estate all sums due him for these purposes.

"3. That more than thirty days prior to the date of said hearing the Executor of said Estate did make written demand upon the Respondent for the payment to the Estate of said sum of approximately $13,000.00 unlawfully diverted to his own use and that the Respondent has not repaid said sum nor any part thereof."

The Board of Governors of the Bar filed its recommendations with this Court on October 24, 1963. Respondent was notified of this action but has not requested to be allowed to file briefs or make oral argument. Rule 37 Rules of the Supreme Court states:

"Rule 37. Proceedings Before Court; Brief and Oral Argument; Decision

"If the respondent desires to file briefs and make oral arguments on the record as to why the recommenda-

tions of the board should not be adopted, he shall file with the clerk of this court his request therefor within twenty days after the mailing of such notice. Following the filing of such request, this court shall fix a time for the filing of briefs by respondent and the examiner and for argument. Following the date fixed for such argument, or twenty days after the mailing of such notice if no request has been filed by respondent, this court shall consider the recommendations and the record and render its decision."

Having carefully considered the record and the findings of fact, we adopt the recommendations of the Board of Governors of the State Bar.

The conduct of respondent here is unconscionable, as we said in Graham, 58 Ariz. 192, 202, 203, 118 P.2d 1093, 1097:

"To refuse to return the $330.65 to the admitted owner but instead appropriate it to one's own use does, as the administrative committee found, constitute professional misconduct and calls for disbarment of the person guilty thereof."

The Respondent is hereby disbarred.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and JENNINGS, JJ., concur.