99 Ariz. 342 (1965)
409 P.2d 45
In the Matter of a Member of the State Bar of Arizona, William ROGERS, Jr., Respondent.
No. 8689.
Supreme Court of Arizona, En Banc.
December 16, 1965.
Rex H. Moore, Phoenix, for State Bar of Arizona.
McFARLAND, Justice.
This is a disbarment proceeding. A complaint against William Rogers, Jr., of San Francisco, California, accusing him of unprofessional conduct as a member of the Bar of this state was filed with the local administrative committee, for District No. 4-B of the State Bar.
This complaint was heard by the administrative committee. Respondent was duly served personally and by publication with an Order to Show Cause. The order of the local administrative board found "that Respondent has not answered, appeared or otherwise responded to said Order to Show Cause save and except by letter" directed to the local committee in which respondent, in response to the Order to Show Cause, admitted the truth of the charges, but not the implications set forth, and stated he *343 would make restitution.[1] However, the committee received no further communication or proof of restitution. Respondent was not represented by counsel at this hearing. The proceedings were reported by a reporter, and a transcript of his notes is a part of the files. A majority of the committee found respondent guilty of the charges as set forth in the Order to Show Cause, to-wit:
"That on or about July 28, 1959, you, while acting as attorney for Mildred Shelton, Guardian of the estate of Kathleen Shelton, a minor, collected $2,500.00 in satisfaction of a judgment in Cause No. 99033 in the Superior Court of Maricopa County, Arizona, rendered in favor of the aforesaid minor for damages for personal injuries sustained by said minor; and filed a satisfaction of said judgment, but that you thereafter failed, neglected and refused to account to said guardian or said minor for said sum or any part thereof; and
"That on or about July 28, 1959, you, while acting as attorney for Mildred Shelton, Guardian of the estate of Danny Shelton, a minor, collected $250.00 in satisfaction of a judgment in Cause No. 99033 in the Superior Court of Maricopa County, Arizona, rendered in *344 favor of the aforesaid minor for damages for personal injuries sustained by said minor and filed a satisfaction of said judgment; but that you thereafter failed, neglected and refused to account to said guardian or said minor for said sum or any part thereof."
A complete record of these proceedings, together with the committee's recommendation, was lodged with the Board of Governors of the State Bar, as required by Rule 35 of the Rules of the Supreme Court, 17 A.R.S., and the Board of Governors, without taking additional evidence and following respondent's failure to reply to the charges or appear before the Board of Governors, either in person or by attorney, after having been notified of the hearing[2], sent the complete record to this court with a recommendation of disbarment.
The Board of Governors of the Bar filed its recommendations with this court on October 8, 1965. Respondent was sent notice of the recommendation, but has not requested to be allowed to file briefs or make oral argument. Rule 37 of the Rules of the Supreme Court states:
"Rule 37. Proceedings Before Court; Brief and Oral Argument; Decision
"If the respondent desires to file briefs and make oral arguments on the record as to why the recommendations of the board should not be adopted, he shall file with the clerk of this court his request therefor within twenty days after the mailing of such notice. Following the filing of such request, this court shall fix a time for the filing of briefs by respondent and the examiner and for argument. Following the date fixed for such argument, or twenty days after the mailing of such notice if no request has been filed by respondent, this court shall consider the recommendations and the record and render its decision."
In the case of In re Peterson, 96 Ariz. 47, 391 P.2d 599, we held:
"The conduct of respondent here is unconscionable, as we said in [Re] Graham, 58 Ariz. 192, 202, 203, 118 P.2d 1093, 1097:
"`To refuse to return the $330.65 to the admitted owner but instead appropriate it to one's own use does, as the administrative committee found, constitute professional misconduct and calls for disbarment of the person guilty thereof.'" 96 Ariz. at 49, 391 P.2d at 600.
We hold, from the record and the evidence in the instant case, as was found by *345 the administrative committee, that the acts of the respondent constituted professional misconduct and call for his disbarment.
Respondent is hereby disbarred.
LOCKWOOD, C.J., STRUCKMEYER, V.C.J., and BERNSTEIN and UDALL, JJ., concur.
NOTES
[1] San Francisco, California
 June 10, 1965
 Local Administrative Committee
 State Bar of Arizona
 Title and Trust Bldg.,
 Phoenix, Arizona

Gentlemen:
I want to apologize, first of all, for not having written this letter sooner and perhaps thereby have avoided unnecessary efforts on the part of members of the committee and the bar who are charged with the task of investigating Mrs. DeSoto's (Mildred Shelton) complaint. However, the delay was not intentional. I have been diligently attempting to discover the facts so that I could advise you of them.
First of all, the charges set forth in the order to show cause are true. I have no defense to any matter set forth therein and my appearance would therefore be futile.
In admitting these charges, however, I do not admit any implications that are not set forth therein. This matter together with the funds was entrusted to another party when I left Phoenix and I am now unable to determine what transpired after I left. I realize that this does not relieve me of the duty to account for the funds, and I am presently in the process of obtaining the money to reimburse the estate of the Shelton children. A delay in the arrangements has been partly responsible for my delay in writing this letter. I wanted to be able to offer the definite assurance of when the funds would be forthcoming before writing, but since the time is growing short I do not want to cause any more inconvenience to the committee.
In making these admissions I do want to state that my guilt lies in misplacing my trust and in being too gullible. I realize that these actions can be as detrimental to a client's welfare as an intentional defalcation, however, and I will accordingly submit this letter for the committee's determination. As soon as final arrangements have been completed so that I may make restitution I will advise the committee and I will abide by any instructions of the committee in that regard.
 Very sincerely yours,
 /s/ William Rogers Jr.

[2] Respondent was sent by registered mail, return receipt requested, a copy of the recommendations of the committee. The Postmaster of the City of San Francisco, California, returned the letter to the State Bar on July 27, 1965, as unclaimed.